IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40664
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CELESTINO-MAGDALENO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-24-ALL
- - - - - - - - - -
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Celestino-Magdaleno appeals from his guilty plea conviction and sentence for illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326(b). Celestino-Magdaleno argues that his prior felony conviction is an element of the offense which must be alleged in the indictment. Celestino-Magdaleno acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for possible Supreme Court review in the light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2348 (2000). The Supreme Court's <u>Apprendi</u> decision did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>petition for cert. filed</u> (U.S. Jan. 26, 2001) (No. 00-8299).

Celestino-Magdaleno also argues that the indictment fails to charge an offense because it does not allege any general intent. This court's recent decision in <u>United States v. Guzman-Ocampo</u>, 236 F.3d 266 (5th Cir. 2000), is dispositive. The indictment alleged every statutorily required element of 8 U.S.C. § 1326 and fairly imported that Celestino-Magdaleno's reentry was a voluntary act in view of the allegations that he had been excluded, deported, and removed and that he was present without having obtained the consent of the Attorney General. Celestino-Magdaleno failed to challenge the indictment as to his voluntariness. Consequently, under <u>Guzman-Ocampo</u>, the indictment was statutorily sufficient.

Accordingly, his judgment of conviction is AFFIRMED.